

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2003

# NRLB v. Evans

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1034

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"NRLB v. Evans" (2003). *2003 Decisions.* Paper 105.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1034

———

NATIONAL LABOR RELATIONS BOARD,

Petitioner

v.

RONALD E. EVANS,
d/b/a Evans Sheet Metal;
RONALD E. EVANS, INC.,
t/a Evans Sheet Metal;
EVANS AND EVANS;
EVANS & EVANS, INC.

———

Appeal from the National Labor Relations Board
(Case No. 4-CA-27272)

———

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2003

Before:  MCKEE, SMITH, *Circuit Judges*, and SCHILLER,
*District Judge**

(Filed: November 14, 2003)

———

* Honorable Berle M. Schiller, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Appellants Ronald E. Evans, d/b/a Evans Sheet Metal; Ronald E. Evans, Inc., t/a Evans Sheet Metal; Evans & Evans; and Evans & Evans, Inc. (collectively, "the Company"), appeal from an order of the National Labor Relations Board (hereinafter "the NLRB" or "the Board"), determining that the Company violated § 8(a)(1) and (5) of the National Labor Relations Act ("NLRA") by failing to adhere to the terms and conditions of its collective-bargaining agreement with Local Union No. 44, Sheet Metal Workers International Association, AFL-CIO ( "the Union"). It further found that Ronald E. Evans, d/b/a Evans Sheet Metal; Ronald E. Evans, Inc., t/a Evans Sheet Metal; Evans & Evans; and Evans & Evans, Inc., were alter egos. We have jurisdiction over this appeal pursuant to 29 U.S.C. § 160(e). For the reasons set forth below, we will enforce the Board's order.

Because we write only for the parties in this matter, we will dispense with a full recitation of the facts and limit our discussion only to the resolution of the issues on appeal. The standard of review we apply to the Board's decision and order is a deferential one. Subsection 10(e) of the NLRA provides that the "findings of the Board

with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall . . . be conclusive." 29 U.S.C. § 160(e).

We believe that substantial evidence supports the Board's conclusions regarding the charges brought against the Company on behalf of the Union. Although the Union served notice to reopen negotiations on its contract with the Company, the plain language of their agreement demonstrates the collective-bargaining agreement remained in effect thereafter. "In the event such notice of reopening is served, this Agreement *shall continue in force and effect* until conferences relating thereto have been terminated by either party by *written* notice." App. 318 (emphasis added). There is no evidence of either party having given such notice, nor does the Company now contend as much. The Company's argument that the collective-bargaining agreement terminated immediately upon the Union providing notice of reopening ignores the latter half of Art. XIII, § 1 of their agreement.

On the question of alter-ego, even if we might "justifiably have made a different choice had the matter been before [us] *de novo*," *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951), substantial evidence supports the Board's decision. The Company concedes a "small loan" without interest was made between Evans & Evans and Evans Sheet Metal, but that otherwise there were only "arms-length" transactions between the entities, and "there is virtually no evidence in the record to support the alter ego/disguised continuance allegations." We disagree.

3

Beyond the interest-free loan Robert Evans received from his uncle Ronald to start Evans & Evans (a name which, in and of itself, suggests that there were two "Evans" immediately involved in that business), Evans & Evans frequently used Evans Sheet Metal's telephone and equipment at no cost. Both were based from the same location for a substantial portion of the period at issue. Both worked on many of the same projects for the same employers. Furthermore, the record reflects a significant intermingling of assets and little respect for the formalities normally attendant to independent businesses operating in an "arms-length" manner. There is also evidence that Ronald directly assisted in the management and supervision of Evans & Evans in various capacities.

We also reject the Company's assertions that Evans & Evans, the unincorporated partnership, was denied due process. A partnership acts through its principals, and the Board found that Ronald Evans was a proprietor of Evans & Evans; Ronald Evans was properly named in the Board's complaint. Furthermore, Evans & Evans ceased to exist and became Evans & Evans, Inc. during the pendency of these proceedings, and there is no question that Evans & Evans, Inc. was properly named in the complaint. Finally, the record reflects that Evans & Evans was well aware of the NLRB proceedings against it from the beginning, and did in fact participate throughout the litigation. Ordinarily, a technical objection such as this over the sufficiency of process must be raised as an affirmative defense and is waived if not asserted promptly. *Cf.* Fed. R. Civ. P. 12(b), (h).

After due consideration of the entire record, we conclude that substantial evidence

supports the determinations of the Board.  Accordingly, we will grant the Board's petition

to enforce its order.


By the Court,


  /s/ D. Brooks Smith
Circuit Judge